MODERN HOMES REALTY COMPANY, A CORPORATION, RESPONDENT, v. AARON LANG AND SIMON LANG, APPELLANTS.

Submitted February 12, 1926—Decided May 17, 1926.

Where an agreement of sale provided that the vendor will give notice to the said tenant to terminate his tenancy contemporaneously with the passing of title, and would deliver possession of the premises on that date, and it also appeared that the tenant was in possession under a lease which provided that the lease should terminate upon thirty days' notice from the lessor in case the lessor entered into an agreement of sale, in which case the lessor was to pay to the tenant $200, it was no defense to the vendee's action for failure of the vendor to convey that the tenant was ready to move out of the premises and had made arrangements to that end, when the undisputed fact was that the tenant retained possession on the date set for the transfer, that the lease was still in force and effect, and that no tender of a surrender of the premises was made by the tenant to the defendants or to their prospective vendee.

On appeal from the Supreme Court.

For the appellants, *Stein, Stein & Hannoch*.

For the respondent, *Hudspeth & Demarest*.

The opinion of the court was delivered by

KALISCH, J. The plaintiff brought its action against the defendants to recover a deposit of $1,000 paid by it to them

on account of the purchase price for certain real estate which the latter agreed to sell to the former for the sum of $50,000, but failed to fulfill the agreement. At the close of the entire case there was a verdict directed for the plaintiff against the defendants for $1,000, upon which verdict a judgment was entered, which is here for review on defendants' appeal.

Of the six grounds of appeal assigned and relied on by the appellants for a reversal of the judgment, the first three relate to the refusal of the trial judge to nonsuit the plaintiff, to the judge's refusal to direct a verdict in favor of the defendants, and to the direction by the court of a verdict for the plaintiff.

These three grounds involve the inquiry—firstly, whether at the time the plaintiff rested its case it had established a legal cause of action which required its submission, on the facts, to the decision of a jury; secondly, whether at the close of the entire case there was any factual question in dispute, and whether, under the application of legal rules, did those facts establish a right of recovery in the plaintiff; thirdly, was there any factual question in dispute requiring its submission to the determination of the jury, and, if so, did counsel by mutual acquiescence submit the same to the decision of the trial judge, and thereby was the court warranted, upon the facts and the law applicable thereto, to find that the defendants had failed to establish a legal defense to the plaintiff's right of recovery?

The facts are these: By an agreement, in writing, made on the 25th day of November, 1921, the defendants being the owners of certain premises situated in the city of Newark, and designated in the agreement as Nos. 269, 270, 273 Springfield avenue, and 7 and 9 Boyd street, agreed to sell the same to the plaintiff for $50,000, $1,000 in cash on the execution and delivery of the agreement, which sum of money was paid by the plaintiff to the defendants, and the sum of $9,000 in cash was to be paid upon the passing of title and delivery of deed. The balance, $40,000, of the purchase-money, was to be made up as follows: The plaintiff was to

assume a mortgage of $15,500 held by the Howard Savings Institution, and was to execute a purchase-money bond and mortgage in the sum of $23,500 for the balance.

The agreement of sale, after stating that the conveyance was to be made subject to the rights of various tenants as monthly tenants, provided: "It is understood, however, that at the present time the corner store in said premises is subject to a lease held by one Blum, which lease will expire on August 1st, 1922, and that the party of the first part [the defendants herein] will give notice to the said tenant to terminate his tenancy contemporaneously with the passing of title." The agreement of sale contained a further clause, as follows: "And it is further agreed, by the parties to these presents, that the said party of the second part, its successors and assigns, may enter into and upon the said land and premises on the 1st day of March, 1921, next ensuing the date hereof, and from thence take the rents, issues and profits." The date given as the year 1921 is manifestly an error, and was meant to read 1922, for it appears by the date of the agreement that it was made on November 25th, 1921. It further appears that the lease referred to in the agreement was a lease executed by the defendants to Blum for the corner store, and was for a period of one year, commencing on the 1st day of August, 1921, to the 1st day of August, 1922.

There was a clause in the lease which provided that the lease was made upon the express conditions and limitation that, in case the lessors should enter into an agreement for the sale of said property, then, upon giving thirty days' notice in writing to Blum of the execution of such agreement, and at the election of the lessors to terminate the lease by reason thereof, Blum shall, after the expiration of "said thirty days' period," quit and surrender possession to the lessors, and their heirs and assigns may thereupon re-enter the said premises. There was a further stipulation in the lease that if Blum promptly surrendered possession of the premises at the expiration of the thirty-day period, during the first six months' period of the lease, the lessors shall pay Blum immediately $200.

The deed and purchase-money bond and mortgage were to be ready for delivery at the office of Stein, Stein & Hannoch, between the hours of ten in the forenoon and four o'clock in the afternoon on the 1st day of March, 1921, which date should, manifestly, read 1922.

When the plaintiff rested its case the proof was that on the 1st day of March, 1922, its president went to the office of Stein, Stein & Hannoch; that the plaintiff company had the necessary funds to take title to the property; that Blum, the tenant, was still in possession of the store and premises under the defendants' lease, and that he asked Mr. Stein whether the "corner store man" (meaning Blum) "will be out," so that the plaintiff would be able to take possession of it; that one of the defendants, Simon Lang, was present, who said to the plaintiff "If you don't want it you don't have to take it."

The agreement of sale and the lease by the defendants to Blum, the tenant, were in evidence, and it was stipulated between counsel that Blum, the tenant, was in possession of the property on the day named in the contract for passing title.

The appellants' motion for a nonsuit was based upon two grounds, as follows: "First, that the plaintiff has not established that he was able to perform, and second, that the plaintiff has stated that its reason for not taking title was the fact that the tenant was in possession of the property on March 1st, and that it would not have taken title, unless the tenant was out of possession."

The record discloses that the trial judge reserved his decision on the motion for a nonsuit until the close of the defendants' case, and, after both sides had rested, counsel of appellants moved for the direction of a verdict in favor of the defendants upon the grounds advanced in his motion for a nonsuit and upon these additional grounds: That the notice provided for by the agreement to be given by the defendants to the tenant, Blum, was given, and that the defendants were not required to have the tenant actually vacate the premises; that the plaintiff had made arrangments with

the tenant whereby the latter was to remain in possession after March 1st, and that the defendants had knowledge of that fact and relied upon it, and, therefore, the plaintiff is estopped from setting upon the tenant's possession of the property on March 1st as a ground for refusing to take title.

The language employed in the clauses contained in the agreement of sale and the lease above referred is too plain to admit of any reasonable controversy as to their import. In plain terms the obligation to have the possession of the premises occupied by Blum, under his lease, ready to be delivered to the plaintff contemporaneously with the passing of the title on March 1st, 1922, indisputably rested upon the defendants. If there could be any doubt as to what was meant by the language "that the party of the first part will give notice to the said tenant to terminate his tenancy contemporaneously with the passing of title," the doubt is dissipated by the fact that, under the lease to Blum, the defendants, in case of a sale of the premises, agreed to give him a thirty days' notice to quit, besides to pay him a bonus of $200 on the day the lease terminated and the premises surrendered by Blum to the defendants, none of which events, according to the testimony, took place. The defendants did not give the thirty days' notice to Blum to quit on March 1st, 1922, nor did Blum surrender possession of the premises on that date to the defendants, nor did the defendants pay, or offer to pay, Blum a bonus of $200 on the 1st day of March, 1922, or thereafter. Moreover, in the agreement of sale, the defendants expressly stipulated that the plaintiff, its successors and assigns, may enter upon the premises on the 1st day of March, 1922, and from thence take the issues and profits.

The argument of counsel of appellants, in their brief, that there was a modification of the original agreement of sale between the parties, and that the plaintiff had estopped itself from successfully claiming that the defendants were under any legal obligation to deliver possession of the premises to it on the day agreed upon in the original agreement of sale, because the plaintiff had entered into an agreement with the

tenant, Blum, that the latter may continue in possession of the premises on and after March 1st, 1922, is wholly predicated upon the assumption that the testimony offered and introduced by defendants, and which was overruled and stricken out by the court, was competent and improperly overruled and struck out.

The testimony proffered and overruled, and the testimony, which was struck out by the trial judge, was proper judicial action. Mr. Merlis, who was the president of the plaintiff company, was asked, upon cross-examination by defendants' counsel, this question: "*Q.* Did you have any talk with that tenant about permitting him to remain in the property after you took title?" This question was objected to by plaintiff's counsel, and the objection was sustained. It is quite obvious, from an examination of the direct testimony, that the question was not proper on cross-examination, and, moreover, without any testimony tending to show that Merlis was authorized by the plaintiff corporation to modify or change the agreement of sale and to bind the company to a new contract respecting the future possession of the property, the proffered testimony was clearly inadmissible. But even if an attempt had been made by the plaintiff to secure Blum as a future tenant, that circumstance, of itself, could not, in legal effect, have relieved the defendants from holding themselves in readiness to perform their contractual obligation to deliver possession of the premises on March 1st to the plaintiff, which obligation, according to the uncontroverted testimony, they were unable to carry out.

It was no valid defense to the plaintiff's action that the tenant, Blum, was ready to move out of the premises on the 1st day of March, and that he had made arrangements to that end, for the undisputed fact was that Blum retained possession on that day, that the lease of the defendants to him was still in force and effect, and that no tender of a surrender of the premises was made by him to the defendants or to their prospective vendee.

The conspicuous feature of the appellants' contention for a reversal is, that the argument summoned to support their

contention is postulated upon a concept of facts, including testimony which was overruled and stricken out by the trial judge; but in divesting the case of the rejected testimony, the inadmissibility of which we have already sufficiently pointed out, the cause was one without any essential factual question in dispute, and presented, solely, a purely legal problem for the determination of the court.

It may be well to observe here that the circumstance of a motion having been made on behalf of the defendants for a direction of a verdict in their favor, and a motion made on behalf of the plaintiff for the direction of a verdict in its favor, did not operate, if there was any factual question for the jury to determine, to deprive either of the parties to the controversy of having such factual question submitted to the decision of the jury. But in the instant case, it was tacitly conceded, by counsel of the respective litigants, that no factual question upon which the legal rights of the latter depended was in dispute, for it appears that the trial judge announced that he intended to strike out all the testimony as to the contract made between Blum and Merlis with reference to a new lease, &c., to which ruling counsel of defendants took an exception, the merits of which we have already dealt with, adversely to the appellants' contention. After the statement made by the court, the state of the case discloses that argument was had, and after its conclusion the court announced: "It is now conceded that it is a question of law that the court should decide." This statement was made in the presence and hearing of counsel, and neither expressed dissent.

Judgment is affirmed, with costs.

*For affirmance*—TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 12.

*For reversal*—None.